TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Christopher Hutchison*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Hutchison, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Equifax Information Services, LLC a Georgia corporation, Trans Union, LLC, a Delaware limited liability company, Barclays Bank Delaware, a Delaware corporation; First Credit Union, an Arizona company, and USAA Savings Bank, a Nevada corporation. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, CHRISTOPHER HUTCHISON, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the Town of Queen Creek, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

   c. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona;

2

d.  Barclays Bank Delaware ("Barclays"), a Delaware corporation, which, upon information and belief, maintains its offices in New Castle County, Delaware;

e.  First Credit Union, an Arizona company, which maintains a registered agent in Maricopa County, Arizona; and

f.  USAA Savings Bank ("USAA"), a Nevada corporation, which maintains registered offices in Carson City, Nevada.

## GENERAL ALLEGATIONS

6.  The following furnishers are reporting multiple charge offs on the following trade lines on Plaintiff's below credit files:

a.  Equifax:

   i.  USAA, account number: 37435501264…. (reporting multiple charge offs between the years of 2010 through 2015).

b.  Experian

   i.  Barclays, account number: 00006705791…. (reporting multiple charge offs between the years of 2010 through 2012);
   ii.  First Credit Union, account number: 15447597…. (reporting multiple charge offs between the years of 2010 through 2016); and
   iii.  USAA, account number: 37435501264…. (reporting multiple charge offs between the years of 2010 through 2016).

c.  Trans Union

   i.  First Credit Union, account number: 15447597…. (reporting multiple charge offs between the years 2010-2015).

7.  The above trade lines are hereinafter referred to as "Errant Trade Lines."

3

8. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times.  Moreover, multiple charge offs act as repeated assaults on the Plaintiff's credit score, month after month.  While the negative impact of all other derogatory information on a credit score lessens over time, not so much with these multiple charge offs.  Each month that a charge off is repeatedly reported as a current derogatory, it has an unduly largely and devastating effect on Plaintiff's credit score.  There is no healing of the Plaintiff's credit score from multiple charge offs as there are from other derogatory information over time.

9. Credit reporting is a collection activity that benefits the lender.  By reporting multiple charge offs, the lender is able to hold the Plaintiff's credit score as a hostage by improperly depressing it such that it is actually inaccurate, until he pays the debt.

10. The multiple charge offs convey to any user or prospective of Mr. Hutchison's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter.  These repetitive charge off notations are far more punitive and misleading than informative.

11. On or about January 18, 2016, Mr. Hutchison submitted a letter to Experian, Equifax, and Trans Union ("CRAs"), disputing the multiple charge offs on the

4

Errant Trade Lines.  This is the first time that he disputed the multiple charge off issue.

12. Upon information and belief, the CRAs submitted Mr. Hutchison's consumer disputes to Barclays, USAA, and First Credit Union.

13. On or about January 28, 2016, Mr. Hutchison received correspondence from Experian, which stated that it had already investigated his January 18, 2016, dispute and it was not going to investigate again.  This is false as Mr. Hutchison never disputed the multiple charge offs on the Barclays, USAA, and First Credit Union trade lines prior to his dispute letter sent to Experian on January 18, 2016.

14. On or about February 17, 2016, Mr. Hutchison received Experian's investigation result, which showed that Barclays with account number 00006705791…., First Credit Union with account number 15447597…, and USAA with account number 37435501264…. retained multiple charge offs on these Errant Trade Lines.

15. On or about February 19, 2016, Mr. Hutchison received Equifax's dispute results, which showed that USAA with account number 37435501264…. retained multiple charge offs on its Errant Trade Line.

16. On or about February 23, 2016, Mr. Hutchison received Trans Union's dispute results, which showed that First Credit Union with account number 15447597…. retained multiple charge offs on its Errant Trade Line.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Experian of Mr. Hutchison's consumer dispute of the multiple charge offs on the Errant Trade Line, Barclays negligently failed to conduct a proper investigation of Mr. Hutchison's dispute as required by 15 USC 1681s-2(b).

19. Barclays negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to remove the multiple charge offs on the Errant Trade Line.

20. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Hutchison's consumer credit file with Experian to which it is reporting such trade line.

21. As a direct and proximate cause of Barclays' negligent failure to perform its duties under the FCRA, Mr. Hutchison has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. Barclays is liable to Mr. Hutchison by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Mr. Hutchison has a private right of action to assert claims against Barclays arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Barclays for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Experian that Mr. Hutchison disputed the accuracy of the information it was providing, Barclays willfully failed to conduct a proper reinvestigation of Mr. Hutchison's dispute.

26. Barclays willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Barclays' willful failure to perform its duties under the FCRA, Mr. Hutchison has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Barclays is liable to Mr. Hutchison for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Barclays for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST CREDIT UNION

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Experian and Trans Union of Mr. Hutchison's consumer dispute of the multiple charge offs on the Errant Trade Lines, First Credit Union negligently failed to conduct a proper investigation of Mr. Hutchison's dispute as required by 15 USC 1681s-2(b).

31. First Credit Union negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to

8

direct Experian and Trans Union to remove the multiple charge offs on the Errant Trade Line.

32. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Hutchison's consumer credit files with Experian and Trans Union to which it is reporting such trade line.

33. As a direct and proximate cause of First Credit Union's negligent failure to perform its duties under the FCRA, Mr. Hutchison has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. First Credit Union is liable to Mr. Hutchison by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

35. Mr. Hutchison has a private right of action to assert claims against First Credit Union arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant First Credit Union for damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST CREDIT UNION

36. Plaintiff realleges the above paragraphs as if recited verbatim.

9

37. After being informed by Experian and Trans Union that Mr. Hutchison disputed the accuracy of the information it was providing, First Credit Union willfully failed to conduct a proper reinvestigation of Mr. Hutchison's dispute.

38. First Credit Union willfully failed to review all relevant information available to it and provided  by Experian and Trans Union as required by 15 USC 1681s-2(b).

39. As a direct and proximate cause of First Credit Union's willful failure to perform its duties under the FCRA, Mr. Hutchison has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

40. First Credit Union is liable to Mr. Hutchison for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant First Credit Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT V</u>

10

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY USAA**

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. After being informed by Experian and Equifax of Mr. Hutchison's consumer dispute of the multiple charge offs on the Errant Trade Line, USAA negligently failed to conduct a proper investigation of Mr. Hutchison's dispute as required by 15 USC 1681s-2(b).

43. USAA negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian and Equifax to remove the multiple charge offs on the Errant Trade Line.

44. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Hutchison's consumer credit files with Experian and Equifax to which it is reporting such trade line.

45. As a direct and proximate cause of USAA's negligent failure to perform its duties under the FCRA, Mr. Hutchison has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

46. USAA is liable to Mr. Hutchison by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

47. Mr. Hutchison has a private right of action to assert claims against USAA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant USAA for damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY USAA

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. After being informed by Experian and Equifax that Mr. Hutchison disputed the accuracy of the information it was providing, USAA willfully failed to conduct a proper reinvestigation of Mr. Hutchison's dispute.

50. USAA willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

51. As a direct and proximate cause of USAA's willful failure to perform its duties under the FCRA, Mr. Hutchison has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

52. USAA is liable to Mr. Hutchison for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the

12

amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant USAA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Hutchison as that term is defined in 15 USC 1681a.

55. Such reports contained information about Mr. Hutchison that was false, misleading, and inaccurate.

56. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Hutchison, in violation of 15 USC 1681e(b).

57. After receiving Mr. Hutchison's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

58. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Hutchison has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

59. Experian is liable to Mr. Hutchison by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Hutchison as that term is defined in 15 USC 1681a.

62. Such reports contained information about Mr. Hutchison that was false, misleading, and inaccurate.

14

63. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Hutchison, in violation of 15 USC 1681e(b).

64. After receiving Mr. Hutchison's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

65. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Hutchison has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

66. Experian is liable to Mr. Hutchison by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT IX</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

67. Plaintiff realleges the above paragraphs as if recited verbatim.

68. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Hutchison as that term is defined in 15 USC 1681a.

69. Such reports contained information about Mr. Hutchison that was false, misleading and inaccurate.

70. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Hutchison, in violation of 15 USC 1681e(b).

71. After receiving Mr. Hutchison's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

72. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Hutchison has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

73. Equifax is liable to Mr. Hutchison by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

74. Plaintiff realleges the above paragraphs as if recited verbatim.

75. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Hutchison as that term is defined in 15 USC 1681a.

76. Such reports contained information about Mr. Hutchison that was false, misleading, and inaccurate.

77. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Hutchison, in violation of 15 USC 1681e(b).

78. After receiving Mr. Hutchison's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

17

79. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Hutchison has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

80. Equifax is liable to Mr. Hutchison by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

81. Plaintiff realleges the above paragraphs as if recited verbatim.

82. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Hutchison as that term is defined in 15 USC 1681a.

83. Such reports contained information about Mr. Hutchison that was false, misleading, and inaccurate.

84. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or

more third parties pertaining to Mr. Hutchison, in violation of 15 USC 1681e(b).

85. After receiving Mr. Hutchison's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

86. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Hutchison has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

87. Trans Union is liable to Mr. Hutchison by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

88. Plaintiff realleges the above paragraphs as if recited verbatim.

89. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Hutchison as that term is defined in 15 USC 1681a.

19

90. Such reports contained information about Mr. Hutchison that was false, misleading, and inaccurate.

91. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Hutchison, in violation of 15 USC 1681e(b).

92. After receiving Mr. Hutchison's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

93. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Hutchison has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

94. Trans Union is liable to Mr. Hutchison by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.


DATED: June 1, 2016

                                   KENT LAW OFFICES


                              By: _/s/   Trinette G. Kent_____
                                  Trinette G. Kent
                                  Attorneys for Plaintiff,
                                  Christopher Hutchison