# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Hutchison, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Experian Information Solutions, Inc, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | 2:16-cv-1715 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motion at docket 28] |

## I.  MOTION PRESENTED

At docket 28 defendant First Credit Union ("FCU") moves to set aside the entry of its default at docket 21.  Plaintiff Christopher Hutchison ("Hutchison") opposes at docket 35, and FCU replies at docket 36.  Oral argument was not requested and would not be of assistance to the court.

## II.  BACKGROUND

Hutchison's complaint sets out claims against six defendants.  His claims against FCU are found in Count III seeking recovery for negligent violation of the Fair Credit Reporting Act, and Count IV seeking recovery for willful violation of the Fair Credit Reporting Act.  Process was served on FCU on June 28, 2016.  On July 27, 2016,

Hutchison moved for entry of FCU's default. The Clerk entered the requested default on July 28, 2016.  FCU's motion to set aside the default was filed on August 8, 2016.

### III.  STANDARD OF REVIEW

Rule 55(c) provides that a "court may set aside an entry of default for good cause."  The Ninth Circuit instructs that to decide whether there is good cause the trial court must consider (1) whether a defaulted party's culpable conduct led to the default, (2) whether the defaulted party has a meritorious defense, and (3) whether setting aside the default would prejudice the opposing party.[1]  The defaulted party bears the burden of proof with respect to each of these three considerations.[2]  If the court finds culpable conduct, absence of a meritorious defense or prejudice, such a finding will support a decision not to set aside the default,[3] but because a default judgment is appropriate only in extreme situations, cases should be decided on the merits when possible.[4]

### IV.  DISCUSSION

The delay in responding to the complaint resulted from the fact that FCU's long time in-house lawyer left FCU shortly before the lawsuit was filed.  Hutchison contends that personnel changes "routinely occur at companies," and so the departure of the in-house lawyer does not relieve FCU from a responsibility to "timely respond to the

---

[1] *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

[2] *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

[3] *Signed Personal Check*, 615 F.3d at 1091.

[4] *Id*.

complaint."[5]  Hutchison is correct to say that FCU had an obligation to timely respond despite the lawyer's departure, but that does not make the failure to do so "culpable" for present purposes.  Under the circumstances, the failure to timely respond is more oversight than truly blameworthy behavior.  Even if the behavior could be deemed culpable, the policy favoring resolution of disputes on the merits weighs heavily against denying the motion to set aside on the grounds of culpable conduct.

The parties disagree about whether FCU has a meritorious defense.  Having reviewed the motion papers, as well as FCU's proposed answer lodged at docket 33, the court concludes that FCU does have a meritorious defense.

Turning to the issue of prejudice to Hutchison, the court finds that because the case is in the very early stages there is no prejudice to Hutchison flowing from setting aside the default.  It should be noted that the default was entered only one month after service of process on FCU.  Moreover, Hutchison is still pursuing claims of the very same type against other defendants.

## V.  CONCLUSION

For the reasons above, the motion at docket 28 is granted.  The entry of default at docket 21 is vacated.  FCU shall immediately file its answer to Hutchison's complaint.

DATED this 24th day of September 2016.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[5]Doc. 35 at p. 3.